UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

HOSKINS FAMILY ENTERPRISES, INC.,            Case No. 17-11175-t11

    Debtor.

SMITH & MARRS, INC.,

    Plaintiff/Counterdefendant,

v.                                                                                              Adv. Proc. 17-01056

HOSKINS FAMILY ENTERPRISES, INC.,
MARK HOSKINS, and SUZANNE
HOSKINS,

    Defendants/Counterplaintiffs,

v.

RICKEY SMITH,

    Third Party Defendant.

## **OPINION**

The Debtor removed this adversary proceeding from state court, after having filed the main chapter 11 case on the eve of trial. Plaintiff now asks the Court to remand the proceeding. The Court has reviewed the dockets in this proceeding, the main case, and a related adversary proceeding. The Court also reviewed the briefs filed by the parties and researched the relevant statutes and case law. Based on its review and research, the Court will grant the motion to remand.

I.  FACTS

For the limited purpose of ruling on the motion to remand, the Court finds the following facts:[1]

   1.   On September 2, 2015, Plaintiff Smith & Marrs, Inc. filed a state court action in New Mexico's Fifth Judicial District against Defendant Hoskins Family Enterprises, Inc. and others, commencing case # D-506-CV-201500917 (the "State Court Action"). Hoskins filed an answer, counterclaim, and third party claim. On January 12, 2017, the state court set the matter for a non-jury trial starting May 8, 2017.

   2.   Hoskins filed this chapter 11 case on May 9, 2017.[2]

   3.   Hoskins' bankruptcy schedules indicate that its sole asset is a 25% working interest in 114 oil and gas wells. Hoskins has no business operations or cash flow. Hoskins has no bank account or employees. The monthly operating reports filed in the case show no activity.

   4.   To date, three proofs of claim have been filed:

   - IRS filed a claim on May 1, 2017, for $12,285;
   - New Mexico Taxation and Revenue Department filed a $396 claim on June 14, 2017; and
   - Smith & Marrs filed a claim on June 27, 2017, for $309,293.

No bar date has been set.

---

[1] The Court took judicial notice of the docket in the main case and the two pending adversary proceedings. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (citing Fed. R. Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket").

[2] It is not clear to the Court what happened in state court on May 8, 2017, the date scheduled for trial. The docket entry says "Court proceedings." Smith & Marrs states in the motion to remand that the parties attended court on May 8, 2017, but no trial was held because Hoskins represented to the court that it would file for bankruptcy protection by noon on May 8, 2017. The bankruptcy case was not filed until 3:15 p.m. on May 9, 2017.

5. Hoskins removed the state court action to this Court on July 25, 2017. Attached to the notice of removal are copies of the state court docket, the original complaint, the first amended complaint, and the second amended complaint. Hoskins' answer, counterclaim, and third party complaint is not attached, nor are any other state court filings or orders.

6. On July 31, 2017, Hoskins filed an adversary proceeding against Smith & Marrs (17-1057), objecting to Smith & Marrs' proof of claim and seeking declaratory relief. The issues in the two proceedings are substantially similar except that in 17-1057, Hoskins also seeks to avoid Smith & Marrs's mortgage on certain wells, alleging that the mortgage was not filed in the county records.[3]

7. On August 22, 2017, Hoskins filed the state court documents, orders, motions, notices, and miscellaneous filings that had not been attached to the original notice of removal.

8. Smith & Marrs filed the motion to remand on August 25, 2017.

9. Hoskins would only need bankruptcy relief (i) when the litigation with Smith & Mars is concluded; and (ii) if Hoskins loses.

10. According to a stipulation of the parties filed on January 10, 2018, the state court could try a remanded case on April 31, 2018.

## II. DISCUSSION

A. Removal and Remand

1. Bankruptcy Removal Statute. 28 U.S.C. § 1452(a) provides:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

---

[3] On November 22, 2017, the Court entered a stipulated order in 17-1057 concerning consolidation of the two adversary proceedings. The stipulated order provides in part "If Adversary Proceeding No. 17-01056-t is remanded to State Court the adversary proceedings shall not be consolidated."

This was the statutory basis for the Debtor's removal of the proceeding to this Court.

    2.    <u>Basis for Remand</u>. 28 U.S.C. § 1452(b) provides:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

"The majority of courts ... hold that abstention is applicable to removed cases. These courts find that two proceedings are not necessary for abstention to apply and abstention, or abstention coupled with remand, transfers a removed proceeding to state court." *In re Midgard Corp.,* 204 B.R. 764, 774 (10th Cir. BAP 1997) (collecting cases); *In re Notary,* 547 B.R. 411, 417 (Bankr. D. Colo. 2016) (quoting and following *Midgard*); *In re Gregory Rock House Ranch, LLC,* 339 B.R. 249 (Bankr. D.N.M. 2006) ("in determining whether it is appropriate to remand a removed proceeding, it is proper for the Court to consider the standards applicable to abstention").

Thus, the Court will consider remand to the state court under the abstention provisions of 28 U.S.C. § 1334(c).

C.    <u>Mandatory Abstention</u>.

    1.    <u>The Statute</u>. 28 U.S.C. § 1334(c)(2), which governs "mandatory abstention," provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

    2.    <u>The Requirements</u>. Courts have interpreted § 1334(c)(2) as containing the following requirements:

> 1) The motion for abstention must be timely filed;
> 2) The matter must be based on a state law claim or cause of action;
> 3) The action was commenced in state court;
> 4) The action can be timely adjudicated in state court;
> 5) The claim is within the Court's non-core jurisdiction; and
> 6) There is no independent source of federal jurisdiction that would have permitted the plaintiff to commence the action in federal court in the absence of the bankruptcy case.

*Hernandez v. Lasalle Bank, N.A. (In re Hernandez)*, 2010 WL 5155011, at *4 (Bankr. D.N.M. 2010) (citing *In re Mobile Tool Intern.,* 320 B.R. 552, 556 (Bankr. D. Del. 2005) and *In re Gregory Rock House Ranch, LLC,* 339 B.R. 249, 253 (Bankr. D.N.M. 2006)).

    3.    <u>Analyzing the Requirements</u>.

        a.    <u>Remand Motion Timely Filed</u>. Hoskins argues that Smith & Marrs's remand motion was untimely because it was not filed within 30 days after the notice of removal. The argument fails.

Hoskins' deadline to remove the action was 90 days after the petition date. Fed. R. Bankr. Pro. 9027(a)(2). With a May 9, 2017, petition date, Hoskins' last day to remove the action was August 7, 2017. Hoskins filed its notice of removal on July 25, 2017.

The required form and content of the notice are set out in Fed. R. Bankr. Pro. 9027(a)(1):

> (1) Where filed; form and content
> A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action, the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy court, and be accompanied by a copy of all process and pleadings.

Hoskins' notice of removal did not comply with the requirement that it be accompanied by "a copy of all process and pleadings." This phrase has been construed as requiring copies of the entire state court record. *See, e.g., Careertrack Seminars, Inc. v. Lomasney*, 150 B.R. 257, 258 (D.

Colo. 1992) (process and pleadings means "all papers, including orders, generated by the state court action"); *Santa Fe Business Park, LLC et al v. Summit Investment Co., LLC (In re Potter)*, 2007 WL 1672181, at *8 (Bankr. D.N.M.) (failure to include a complete copy of the record of the state court action can alone constituted sufficient grounds upon which to remand).

Possibly realizing the inadequacy of its original notice of removal, on August 22, 2017, Hoskins supplemented the notice by filing the entire state court record.[4] Three days later, on August 25, 2017, Smith & Marrs filed the motion to remand.

28 U.S.C. § 1447(c) provides in part:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

The Court holds that Hoskins' incomplete notice of removal did not trigger the 30-day deadline for seeking remand. While the Court will not remand the action simply because Hoskins did not complete the record within 90 days of the petition date, s*ee, e.g., Rowe v. Sea Products, Inc. (In re Talon Holdings, Inc.)*, 221 B.R. 214, 218 (Bankr. N.D. Ill. 1998) (failing to submit copies of all documents does not ordinarily require remand), the Court holds that Smith & Marrs's remand motion, filed three days after Hoskins finished uploading the state court record, was timely.[5]

      b.    <u>State law claims</u>. The dispute between Smith & Marrs and Hoskins is purely one of state law. Smith & Marrs's second amended complaint states causes of action to collect a

---

[4] This was 15 days beyond the 90-day removal deadline.

[5] As a side note, Smith & Marrs argued that its remand motion was timely because it had three extra days to file, given that the notice of removal was served electronically. That argument likely fails. Electronic service no longer qualifies, as it once did, as a type of service for which three additional days are granted. *See* Fed. R. Bankr. Pro. 9006(f) and Fed. R. Civ. Pro. 5(b)(2)(D).

promissory note and foreclose a mortgage. Hoskins' counterclaims are for breach of fiduciary duty and breach of contract. All sound in state law.

      c.      <u>Commenced in state court</u>. The proceeding was commenced in state court.

      d.      <u>Can be timely adjudicated in state court</u>. According to the stipulation of the parties, the proceeding could be tried within a few months of a remand.

      e.      <u>Non-core jurisdiction</u>. Core proceedings are proceedings that involve rights created by bankruptcy law or which only arise in a bankruptcy proceeding. *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990); *In re Telluride Income Growth, L.P.,* 364 B.R. 390, 397-98 (10th Cir. BAP 2007) (citing *Gardner*). "[B]ankruptcy courts have core jurisdiction over all cases that satisfy one of the following three criteria: (1) cases under Title 11; (2) proceedings arising under Title 11; (3) proceedings arising in a case under Title 11." *Telluride Income,* 364 B.R. at 397, citing *In re Resorts Int'l, Inc.,* 372 F.3d 154, 162 (3rd Cir. 2004). "'[A]rising in' refers to administrative matters that are not based on any right expressly created by [T]itle 11 but would nevertheless have no existence outside of the bankruptcy case." *In re ACI–HDT Supply Co.,* 205 B.R. 231, 234–35 (9th Cir. BAP 1997).

Non-core proceedings, by contrast, can exist independently from the bankruptcy proceeding, as they do not invoke substantive rights created by the bankruptcy. *Telluride Income Growth,* 364 B.R. at 398, citing *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987).

Here, the Court's jurisdiction over the proceeding is non-core; the action clearly can exist independently from the bankruptcy case. It did so for more than a year.

      f.      <u>No independent source of federal jurisdiction</u>. Finally, there is no source of federal jurisdiction other than the jurisdiction conferred by Congress in connection with the Bankruptcy Code.

The Court rules that the requirements of mandatory abstention are satisfied, so the case should be remanded.

C.  Permissive Abstention.

The permissive abstention provision is 28 U.S.C. § 1334(c)(1):

[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State court or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The factors courts analyze in determining whether to abstain under § 1334(c)(1) include the:

1)  Effect that abstention would have on the efficient administration of the bankruptcy estate;
2)  Extent to which state law issues predominate;
3)  Difficulty or unsettled nature of applicable state law;
4)  Presence of a related proceeding commenced in state court or other nonbankruptcy court;
5)  Federal jurisdictional basis of the proceeding;
6)  Degree of relatedness of the proceeding to the main bankruptcy case;
7)  Substance of the asserted "core" proceeding;
8)  Feasibility of severing the state law claims;
9)  Burden the proceeding places on the bankruptcy court's docket;
10) Likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of parties;
11) Existence of a right to jury trial; and
12) Presence of nondebtor parties in the proceeding.

*In re Fred Dale Van Winkle,* 2016 WL 196981, *5 (Bankr. D.N.M.) (citing *In re Commercial Financial Services, Inc.,* 251 B.R. 414, 429 (Bankr. N.D. Okla. 2000), *reconsideration granted in part,* 225 B.R. 68 (Bankr. N.D. Okla. 2000), and *In re Republic Reader's Service, Inc.,* 81 B.R. 422, 428-429 (Bankr. S.D. Tex. 1987)).

The Court weighs the factors as follows:

| Factor | Discussion |
|---|---|
| 1) Effect on efficient administration. | Favors remand. The bankruptcy case appears to have been filed so the dispute could be transferred to this Court. If Hoskins wins the lawsuit, it will not need bankruptcy relief. If Hoskins loses the lawsuit, it may need bankruptcy relief to avoid foreclosure and pay its debt over time. There does not appear to be any reason for a bankruptcy at this time. The debtor has no business operations. Its sole asset is the working interests in the oil and gas leases in dispute. Smith & Marrs is the only substantial creditor. |
| 2) Extent to which state law issues predominate. | Favors remand. All the issues are state law issues. |
| 3) Difficulty or unsettled nature of applicable state law. | Favors remand. There are no difficult or unsettled issues of state law. |
| 4) Presence of a related state court proceeding. | Neutral. There are no related state court proceedings. |
| 5) Federal jurisdictional basis of the proceeding. | Favors remand. The only basis for federal jurisdiction is bankruptcy law. |
| 6) Degree of relatedness of the proceeding to the main bankruptcy case. | Favors remand. If Hoskins loses the lawsuit, it may need bankruptcy relief to avoid losing its oil and gas leases to foreclosure. If it wins the lawsuit, it will not need bankruptcy relief. From what the Court can tell, the only relation between the proceeding and the main case is that the main case was filed to transfer venue of the dispute. |
| 7) Substance of the asserted "core" proceeding. | Favors remand. There is no asserted "core" proceeding. Hoskins commenced another adversary proceeding (17-1057) and seeks, inter alia, lien avoidance because it alleges that the mortgage at issue was not filed in one or more counties where the oil and gas well are located. That claim was not brought in this proceeding. Furthermore, since the bankruptcy case is essentially a two-party dispute, lien avoidance would not benefit the estate or other creditors, and would be an exercise in futility. |
| 8) Feasibility of severing the state law claims. | Favors remand. The only claims are state law claims. |
| 9) Burden on the bankruptcy court's docket. | Does not favor remand. This Court could hear the matter timely. Trying the dispute would not be an undue burden. |
| 10) Likelihood of forum shopping. | Favors remand. It is highly likely that the main case was filed, and the proceeding removed, to transfer venue from state court to this Court. |
| 11) Right to a jury trial. | Does not favor remand. The state court action was nonjury. |
| 12) Presence of nondebtor parties. | Favors remand. There are nondebtor parties, but the claims against them seem somewhat peripheral. |

Overall, the factors weigh heavily in favor of remanding under the permissive abstention doctrine.

### III. CONCLUSION

Considering the motion to remand using the mandatory and permissive abstention factors, the Court concludes that the motion is well taken and should be granted. The adversary proceeding will be remanded to state court by separate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: January 25, 2018

Copies to:

Louis Puccini
P.O. Box 25164
Albuquerque, NM 87125

Andrew B. Curtis
9816 Slide Road, Suite 201
Lubbock, TX 79424

Alice N. Page
P.O. Box 608
Albuquerque, NM 87103

Michael T. Newell
10 W. Adams Ave., #E
Lovington, NM 88260-4052

Patrick B. McMahon
P.O. Box 1599
Lovington, NM 88260-1599